UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY DREW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16CV00095 SNLJ |
| | ) | |
| CAPITAL ONE BANK (USA) N.A., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Plaintiff has not filed a response and the time for doing so has expired.

I. **Background**

Plaintiff filed this action in small claims court in the Circuit Court of Perry County, Missouri purporting to allege a breach of contract claim. On the form petition for small claims court, plaintiff claims damages in the amount of $5000 for a claim he alleges arose on or about April 4, 2016 as a result of the following events:

> I had a contract with Capital One to show an old account as PAID in FULL. Capital One reported on my Credit files (x3) that the account was [a] settlement. This breached our contract, causing my credit score to drop, causing personal damage to me. I have copies from Capital One's representing [sic] the case & credit reports.

Defendant removed this action to this Court under 28 U.S.C. § 1331 and § 1441 on the basis that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Specifically, defendant argues that

plaintiff's claim falls within the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. Defendant now moves to dismiss the complaint because plaintiff's claim is preempted and governed by the FCRA, which does not provide a private right of action on the facts alleged.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F .3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual

content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

**III.  Discussion**

Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, § 1681s-2 generally prohibits furnishers of credit information from providing inaccurate information with respect to a consumer, and requires furnishers of credit information to investigate the accuracy of reported credit information upon receiving notice of a dispute. *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1059-60 (E.D. Mo. 2006). The FCRA preempts state law claims arising out of alleged inaccuracies that a furnisher of information, such as Capital One, furnishes to credit reporting agencies. *Cathcart v. Am. Exp.,* No. 4:11CV2125 JAR, 2012 WL 5258820, at *3- 4 (E.D. Mo. Oct. 23, 2012), *citing* 15 U.S.C § 1681t(b)(1)(F); *Young v. LVNV Funding, LLC*, No. 4:12CV01180AGF, 2012 WL 5508407, at *2 (E.D. Mo. Nov. 14, 2012). The FCRA also expressly preempts state common law actions, by providing that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15

3

U.S.C. § 1681h(e). Thus, because Plaintiff's claim is based on his assertion that Capital One furnished inaccurate information about him to certain credit reporting agencies, it is preempted and governed by the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F); 15 U.S.C. § 1681h(e).

The FCRA does not provide an individual with a private right of action against a furnisher of credit information for reporting inaccurate credit information. *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1059-60 (E.D. Mo. 2006). Instead, the FCRA limits enforcement of § 1681s-2(a) to federal and state agencies and officials. *McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609 RWS, 2010 WL 1817783, at *3 (E.D. Mo. May 4, 2010).

However, the FCRA does permit an individual to bring a claim under § 1681s-2(b) against a furnisher of information. *Hurocy*, 371 F.Supp.2d at 1060; *see also Young v. LVNV Funding, LLC*, 4:12CV01180 AGF, 2012 WL 5508407, at *3 (E.D Mo. Nov. 14, 2012) (denying motion to dismiss FCRA § 1681s-2(b) claim where plaintiff sufficiently pled that he notified two credit reporting agencies and that the CRAs notified the defendant). "Congress did not expressly exclude enforcement by consumers of such actions, as it did with actions under § 1681s–2(a)." *Id.* After receiving a notice of dispute from a credit reporting agency pursuant to § 1681s-2(a), a furnisher of information must:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency ...;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person

4

furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s–2(b)(1).

Here, plaintiffs' complaint alleges that defendant furnished inaccurate information concerning his account and that he suffered damages as a result. The only facts alleged are that plaintiff had a contract with defendant to show the account as paid in full and, instead, reported it as a settlement. There are no facts addressing whether plaintiff contacted anyone about the inaccurate information and if he did, whom he contacted and what did or did not transpire thereafter. Plaintiff simply filed a small claims action for what he believed to be a breach of contract on a one-page form. The pleading is clearly insufficient. With the removal of the small claims action to federal court, in the interest of justice, the Court will give plaintiff an opportunity to file an amended complaint to properly state a claim under the FCRA if the facts support such a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (ECF# 4) is taken under advisement.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint within fourteen days from the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to file an amended complaint within fourteen days the motion to dismiss will be granted without prejudice.

Dated this 21st day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE